**W. ADAM DUERK**
**Assistant U.S. Attorney**
**ERIC E. NELSON**
**Special Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: adam.duerk@usdoj.gov**
**Email: nelson.eric@epa.gov**



FILED

NOV 1 6 2017

Clerk, U S District Court
District Of Montana
Billings

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 17-138- BLG- SPW |
| **Plaintiff,** | **INDICTMENT** |
| vs. | **CONSPIRACY (Count 1)**<br>Title 18 U.S.C. § 371<br>(Penalty:  Five years imprisonment, $250,000 fine, and three years of supervised release) |
| **WOODY'S TRUCKING, LLC, and**<br>**DONALD E. WOOD, JR.,** | |
| **Defendants.** | **WIRE FRAUD  (Counts 2, 3, 5)**<br>Title 18 U.S.C. §§ 1343, 2<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years of supervised release) |

**MAIL FRAUD (Count 4)**
**Title 18 U.S.C. §§ 1341, 2**
**(Penalty: 20 years imprisonment,**
**$250,000 fine, and three years of supervised**
**release)**

**TRANSPORTATION OF HAZARDOUS**
**MATERIALS WITHOUT PLACARDS**
**(Counts 6-9)**
**Title 49 U.S.C § 5124; 18 U.S.C. § 2**
**(Penalty: five years imprisonment, $250,000**
**fine, and three years of supervised release)**

**TRANSPORTATION OF HAZARDOUS**
**MATERIALS WITHOUT PROPER**
**SHIPPING PAPERS**
**(Counts 10-13)**
**Title 49 U.S.C. §§ 5110, 5124; 18 U.S.C. § 2**
**(Penalty: five years imprisonment, $250,000**
**fine, and three years of supervised release)**

**OBSTRUCTION OF JUSTICE**
**(Count 14)**
**Title 18 U.S.C. § 1519**
**(Penalty: 20 years incarceration, $250,000**
**fine, and three years of supervised release)**

**FORFEITURE ALLEGATION**
**Title 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C.**
**§ 2461(c)**

THE GRAND JURY CHARGES:

## INTRODUCTION

### A.  Background

At all times relevant to this Indictment:

2

1.      Defendant WOODY'S TRUCKING, LLC ("WOODY'S

TRUCKING") was a Montana Limited Liability Company and a contract carrier

by motor vehicle holding certificates of authority for the transportation of

commodities within the United States of America under United States Department

of Transportation identification number MC-518736.  Defendant WOODY'S

TRUCKING's business office was located in Baker, Montana.

2.      DONALD E. WOOD, JR., was a manager, owner and member of

WOODY'S TRUCKING.

3.      On or about February 13, 2012, WOODY'S TRUCKING and

DONALD E. WOOD, JR. entered into an "Owner-Operator Lease Agreement"

with K.M.S. Trucking, LLC (a Montana limited liability company) ("K.M.S.

Trucking") and its owner, Kelly Steen.  Pursuant to the lease agreement,

WOODY'S TRUCKING leased the services of K.M.S. Trucking and Kelly Steen

in operating motor carrier equipment owned by K.M.S. Trucking, but operating

under WOODY'S TRUCKING's United States Department of Transportation

Motor Carrier authority.

4.      The Lease Agreement between WOODY'S TRUCKING and K.M.S.

Trucking specified that WOODY'S TRUCKING had a "legal obligation to provide

insurance coverage for the protection of the public under FMCSA [Federal Motor

Carrier Safety Act] regulations," and provided that K.M.S. Trucking would pay

3

$260.00 per month to pay for K.M.S. Trucking's share of the estimated cost of liability and cargo insurance.

5.     Beginning in the year 2004, WOODY'S TRUCKING obtained commercial insurance (Policy Number GWP25283) for its motor carrier operations from Great West Casualty Company ("Great West"), located in South Sioux City, Nebraska.  The insurance policy provided by Great West to defendant WOODY'S TRUCKING was renewed annually on an anniversary date of November 1.

6.     Prior to each annual renewal of the commercial insurance policy provided by Great West, WOODY'S TRUCKING submitted, through a local insurance broker located in Billings, Montana, an "Application for Commercial Insurance" to Great West.  The annual application required WOODY'S TRUCKING to list the commodities transported by WOODY'S TRUCKING, and to state whether WOODY'S TRUCKING transported "hazardous materials or waste."  The signature page of the application form stated that "Any person who knowingly or intentionally presents, files or provides false, misleading, deceptive or otherwise materially inaccurate information to an insurer in submitting an application and/or claim, may be found guilty of insurance fraud."

### B.  Hazardous Materials Transportation Act

7.     The Hazardous Materials Transportation Act, 49 U.S.C. § 5101 *et seq.*, ("Hazmat Law") was enacted to "protect against the risks to life, property,

4

and the environment that are inherent in the transportation of hazardous materials in intrastate, interstate, and foreign commerce." 49 U.S.C. § 5101.

8.     Under the Hazmat Law, "hazardous material" means any substance or material that the Secretary of Transportation designates as a hazardous material, including certain flammable or combustible materials. 49 U.S.C. §§ 5102(2), 5103(a).

9.     Pursuant to the Hazmat Law, the Secretary of Transportation promulgated Hazardous Materials Regulations, set forth in 49 C.F.R. Parts 171 through 180. These regulations set forth requirements for the safe transportation in commerce of materials designated as hazardous materials, and apply to each person who performs, or causes to be performed, functions related to the transportation of such hazardous materials. 49 C.F.R. §§ 172.1, 172.3.

10.    Pursuant to the Hazmat Law, the Secretary of Transportation also has designated groups and classes of materials as "hazardous materials" because they are capable of posing an unreasonable risk to health, safety and property when transported in commerce. 49 C.F.R. § 171.8.

11.    Designated hazardous materials were listed in a Hazardous Materials Table in the Code of Federal Regulations at 49 C.F.R. § 172.101 (Hazmat Table), which set forth hazardous materials descriptions, proper hazardous materials shipping names, hazard classes, hazardous materials identification numbers (also

5

known as United Nation numbers), packing group numbers, label codes, and other pertinent information.

12.     Among other things, the Hazardous Materials Regulations described above required that each person who offers for transportation in commerce a hazardous material designated in the Hazmat Table, or transports such hazardous material, must do the following:

a.     Provide to motor carriers a shipping paper that sets forth the proper shipping name, hazard class, identification number (United Nations number), packing group number, and total quantity of the hazardous material being shipped, pursuant to 49 U.S.C. § 5110(a) and (b) and 49 C.F.R. Part172, Subpart C;

b.     Place on each side and each end of the freight container containing the hazardous materials specified placards identifying the primary and subsidiary hazards identified for the particular hazardous materials, pursuant to 49 C.F.R. Part 172, Subpart F;

c.     Provide on the shipping paper given to motor carriers specific emergency response information, including an emergency response telephone number, for use by carriers, facility operators, and emergency response personnel, pursuant to 49 C.F.R. Part 172, Subpart G;

6

13.     "Natural Gas Condensate, Petroleum" is a Class 3 Flammable Liquid, and a designated hazardous material.  The Hazardous Materials Regulations requires a shipping paper for the transportation of natural gas condensate to contain the following information:

a.      Entry of an "X" in the "HM" Column of the shipping paper to indicate the shipment contains a hazardous material;

b.      The proper shipping name, "Hydrocarbons, liquid, n.o.s.;"

c.      The proper hazard class, "Class 3 – flammable liquid;"

d.      The proper United Nations identification number: "UN3295;"

e.      The proper packing group number: "Packing Group 1;" and

f.      Emergency response information, including an emergency response telephone number, for use in the event of an emergency involving the hazardous material, pursuant to 49 C.F.R. §§ 172.201(a)(3), 172.202(a)(1-4) and 49 C.F.R. Part 172, Subpart G.

14.     The Hazardous Materials Regulations required motor carrier vehicles transporting "Natural Gas Condensate, Petroleum" by highway to be marked with hazardous material "FLAMMABLE" placards identifying the material being transported as a Class 3 flammable material.  49 C.F.R. Part 172, Subpart F, §§ 172.500, 172.504 - Table 2, 172.506, 172.519 and 172.542.

### C. Occupational Safety and Health Act

15.     The Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*, (the "OSH Act") was enacted to assure, so far as possible, every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources.

16.     The United States Department of Labor was a department and agency of the executive branch of the United States government, and was responsible for the promulgation and enforcement of the laws of the United States in the area of labor and employment conditions.

17.     The Occupational and Safety Administration ("OSHA") was an agency of the United States Department of Labor, and was responsible for the promulgation and enforcement of safety and health regulations under the OSH Act covering federal and private sector workers throughout the United States.

### COUNT 1
### CONSPIRACY

18.     Paragraphs 1 through 17 are incorporated by reference as if set forth in full.

19.     Beginning in approximately February 2012, and continuing until approximately June 6, 2016, at Baker, in the State and District of Montana, and elsewhere, WOODY'S TRUCKING and DONALD E. WOOD, JR., and others

known and unknown to the grand jury, did knowingly conspire, confederate and

agree among themselves:

## OBJECTS OF THE CONSPIRACY

      a.     To knowingly defraud Great West, an insurance company, by

committing offenses against the laws of the United States, those being wire

fraud, mail fraud and aiding and abetting the same, all in violation of 18

U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 2.

      b.     To recklessly violate the Hazardous Materials Regulations

promulgated pursuant to the Hazmat Law, in violation of 49 U.S.C. §§ 5110

and 5124.

      c.     To defraud the United States, that is, to hamper, impede, impair

and obstruct by craft, trickery, deceit and dishonest means, the lawful and

legitimate functions of the Department of Transportation and OSHA, in

enforcing the federal hazardous materials transportation and federal worker

safety regulations, in violation of 18 U.S.C. § 371.

      d.     To alter, conceal, and cover up a tangible object with the intent

to impede, obstruct, and influence the investigation and proper

administration of a matter within the jurisdiction of OSHA, an agency of the

United States, in violation of 18 U.S.C. § 1519.

20. It was a purpose of the conspiracy to conceal and misrepresent to Great West the actual transportation practices of WOODY'S TRUCKING with respect to the transportation of hazardous materials, thereby obtaining less expensive commercial auto insurance coverage for its contract motor carrier activities.

21. It was a purpose of the conspiracy to conceal and misrepresent to Great West and others the material fact that the defendants had transported and caused the transportation of hazardous materials on December 29, 2012, in order to obtain Great West's coverage and defense of insurance claims arising from the transportation of hazardous materials on that date, thereby enriching the defendants.

22. It was a purpose of the conspiracy to conceal and misrepresent to agencies of the United States that WOODY'S TRUCKING had transported hazardous materials without proper shipping papers and placards, and to falsify a hazardous material shipping paper related to the shipment of hazardous materials on December 29, 2012, to prevent those agencies from using their authorities to investigate and enforce hazardous material transportation and worker safety laws.

**MANNERS AND MEANS OF THE CONSPIRACY**

The following manner and means, among others, were used by WOODY'S TRUCKING, DONALD E. WOOD, JR., and others known and unknown to the grand jury, to effectuate and perpetrate the conspiracy set forth above:

23.     It was part of the conspiracy that the conspirators made or caused false representations to be made to its insurer, Great West, that WOODY'S TRUCKING, transported only non-hazardous "KCL water" in interstate commerce, in order to obtain and maintain less expensive commercial motor carrier insurance coverage.

24.     It was part of the conspiracy that, after an explosion occurred on December 29, 2012, during the offloading of hazardous natural gas condensate being transported under WOODY'S TRUCKING's motor carrier authority, the conspirators caused false representations to be made to Great West, and others, that WOODY'S TRUCKING was transporting "slop oil and water," and did not know that it was transporting hazardous materials, in order to obtain coverage of and defense against claims made against WOODY'S TRUCKING arising from the explosion incident.

25.     It was part of the conspiracy that the conspirators falsified shipping paper documents to misrepresent and conceal from government authorities and others that they were transporting shipments of hazardous natural gas condensate.

11

26.     It was part of the conspiracy that the conspirators obstructed, impaired, and impeded the OSHA during the course of OSHA's investigation into the December 29, 2012, explosion event.

## OVERT ACTS

In furtherance of the conspiracy and to affect its objects, WOODY'S TRUCKING and DONALD E. WOOD, JR. and others known and unknown to the grand jury committed numerous overt acts in the District of Montana and elsewhere, including, but not limited to, the following:

### Obtaining and Maintaining Commercial Auto Insurance from Great West for Transportation of Non-Hazardous Material

27.     On or about October 6, 2011, WOODY'S TRUCKING submitted an annual "Application for Commercial Insurance" through its local insurance broker to Great West.  In the application, WOODY'S TRUCKING stated that the commodity it transported was "KCL WATER," "100.0 %," and further stated that it did not transport hazardous materials or waste.  Based upon the information provided by WOODY'S TRUCKING in the application, Great West issued a renewed commercial policy (Policy Number GWP25283H), effective on November 1, 2011, and expiring on November 1, 2012.

28.     On or about February 6, 2012, WOODY'S TRUCKING and DONALD E. WOOD, JR. entered into a "Miscellaneous Work Agreement" with

Saddle Butte Pipeline, LLC, ("Saddle Butte Pipeline"), a company that owned and operated a natural gas processing plant, known as the Little Missouri Gas Processing Plant, located at or near Watford City, North Dakota. Under the agreement with Saddle Butte Pipeline, WOODY's TRUCKING and DONALD E. WOOD, JR. agreed to transport hazardous natural gas condensate liquid generated in two atmospheric tanks at the Little Missouri Gas Processing Plant to oil processing plants owned and operated by Custom Carbon Processing, Inc., ("Custom Carbon Processing") near Sidney, Montana, and Wibaux, Montana.

29.    On or about February 9, 2012,  WOODY'S TRUCKING submitted, through their local insurance broker to Great West, a copy of the Miscellaneous Work Agreement it had reached with Saddle Butte Pipeline, and obtained an endorsement to add Saddle Butte Pipeline as an additional insured party to be covered for transportation services provided by WOODY'S TRUCKING to Saddle Butte Pipeline.

30.    On or about February 9, 2012, despite disclosing the "Miscellaneous Work Agreement" with Saddle Butte Pipeline to Great West, WOODY'S TRUCKING and DONALD E. WOOD, JR. failed to disclose the material fact to Great West that it had agreed to transport hazardous natural gas condensate for Saddle Butte Pipeline.

31.    On or about October 12, 2012, WOODY'S TRUCKING submitted an annual "Application for Commercial Insurance" through its local insurance broker to Great West.  In the application, WOODY'S TRUCKING stated that the commodity it transported was "KCL WATER,"  "100.0 %," and further stated that it did not transport hazardous materials or waste.  Based upon the information provided by WOODY'S TRUCKING in the application, Great West issued a renewed commercial policy (Policy Number GWP25283I), effective on November 1, 2012, and expiring on November 1, 2013.

### Shipments of Hazardous Materials
### in Violation of Hazmat Law

32.    On or about the dates depicted in the table below, WOODY'S TRUCKING, DONALD E. WOOD, and others known to the grand jury transported and caused the transportation of shipments of a hazardous material, to wit: natural gas condensate, petroleum, from the Saddle Butte Pipeline Little Missouri Gas Processing Plant at Watford City, North Dakota to Custom Carbon Processing, Inc. oil processing facilities in or near Sidney and Wibaux, Montana:

| Date | Woody's Trucking Driver | CCP Facility Location |
|---|---|---|
| 2/13/2012 | David Harkins | Sidney, Montana |
| 2/16/2012 | David Harkins | Sidney, Montana |
| 4/23/2012 | David Harkins | Sidney, Montana |

| 4/24/2012 | David Harkins | Sidney, Montana |
|---|---|---|
| 7/27/2012 | David Harkins | Wibaux, Montana |
| 8/9/2012 | David Harkins | Wibaux, Montana |
| 8/14/2012 | David Harkins | Wibaux, Montana |
| 8/17/2012 | David Harkins | Wibaux, Montana |
| 8/18/2012 | David Harkins | Wibaux, Montana |
| 8/24/2012 | David Harkins | Wibaux, Montana |
| 9/20/2012 | David Harkins | Wibaux, Montana |
| 11/14/2012 | Kelly Steen | Wibaux, Montana |
| 11/21/2012 | Kelly Steen | Wibaux, Montana |
| 11/25/2012 | Kelly Steen | Wibaux, Montana |
| 11/30/2012 | Kelly Steen | Wibaux, Montana |
| 12/29/2012 | Kelly Steen | Wibaux, Montana |

33.     On or about the dates described in the table in paragraph 32, the WOODY'S TRUCKING drivers loaded the shipments of hazardous natural gas condensate at the Little Missouri Gas Processing Plant and transported the shipments to the Custom Carbon Processing facilities without receiving or preparing proper hazardous material shipping papers, hazardous material placards,

15

and emergency response information to accompany the shipment as required by the Hazmat Law.

34.     Following completion of all of the shipments except the final shipment described in the table in paragraph 32, the conspirators, at the direction of defendant DONALD E. WOOD, JR., prepared Bills of Lading that falsely described the contents of the shipments as "slop oil and water," and maintained those Bills of Lading at the WOODY'S TRUCKING office at Baker, Montana. The shipping papers did not contain the following information required by the Hazmat Law:  An "X" in the "HM" column of the shipping paper identifying the shipment as containing a hazardous material; the proper shipping name, the proper hazard class, the proper United Nations identification number; the proper packing group number; and the proper emergency response information.

### December 29, 2012 Shipment and Explosion

35.     On or about December 29, 2012, Kelly Steen was participating in the offloading of the shipment of hazardous natural gas condensate at the Custom Carbon Processing oil processing facility near Wibaux, Montana.  During the offloading, an explosion occurred that injured three employees and caused extensive damage to the oil processing facility and the truck and trailer being operated by Kelly Steen.

16

36.     On or about December 29, 2012, following the explosion, Kelly Steen
was unable to provide emergency responders with shipping paper, placard or
emergency response information about the hazardous material being transported as
required by the Hazmat law.

### Creation of False Bill of Lading and Fraudulent Placement in Kelly Steen's Truck

37.     Between in or about December 29, 2012, and January 9, 2013, Kelly
Steen, at the direction of defendant DONALD E. WOOD, JR., prepared a Bill of
Lading (Number 360) that falsely described the contents of the December 29, 2012
shipment transported by Kelly Steen as "slop oil and water from condensate
tanks." The Bill of Lading did not contain the following information required by
the Hazmat Law: An "X" in the "HM" column of the shipping paper identifying
the shipment as containing a hazardous material; the proper shipping name; the
proper hazard class; the proper United Nations identification number; the proper
packing group number; and the proper emergency response information.

38.     On or about January 9, 2013, Kelly Steen, at the direction of
defendant DONALD E. WOOD, JR., placed the false Bill of Lading that he
prepared into the cab of his truck at the Custom Carbon Processing facility in
Wibaux, Montana to create a false impression that the Bill of Lading had been
present in the truck during the December 29, 2012, shipment.

**Misrepresentations to OSHA**
**regarding the December 29, 2012, Shipment**

39.     On or about January 9, 2013, defendant DONALD E. WOOD, JR.

was interviewed by an OSHA investigator who was conducting an official

investigation of the December 29, 2012, explosion at the oil processing facility

near Wibaux, Montana, and agreed to provide paperwork containing information

regarding the contents of the tanker truck involved in the explosion.

40.     On or about January 17, 2013, DONALD E. WOOD transmitted or

caused to be transmitted by facsimile from WOODY'S TRUCKING's office to

OSHA's office a copy of the Bill of Lading for the December 29, 2012, shipment

that was fraudulently created after the shipment, and falsely described the shipment

as containing "slop oil and water from condensate tanks."

**Misrepresentations to Great West**
**regarding the December 29, 2012 Shipment**

41.     On or about October 24, 2014, in response to a request by Great West

for information regarding the December 29, 2012 shipment and explosion, the

conspirators sent, by certified mail to Great West, a copy of the falsely completed

bill of lading that was created after the shipment and falsely described the shipment

as containing "slop oil and water from condensate tanks."

**Request for Indemnification and Legal Defense Costs**
**For Personal Injury Lawsuit Arising**
**from the December 29, 2012 Shipment**

18

42.     On January 9, 2015, a personal injury lawsuit on behalf of two injured Custom Carbon Processing, Inc. employees was filed against WOODY'S TRUCKING and others, as a result of the December 29, 2012 explosion at the Custom Carbon Processing plant in Wibaux, Montana.

43.     On February 28, 2015, DONALD E. WOOD, JR. and WOODY'S TRUCKING sent an email to their local insurance broker attaching the Complaint and Summons from the personal injury lawsuit and thanking the broker and Great West for their help with the lawsuit.  As a result of these requests, Great West Insurance provided costs of legal defense and indemnification for the claims alleged in the lawsuit, resulting in payouts to injured plaintiffs in an amount totaling $250,000.

## COUNTS 2-5
## WIRE AND MAIL FRAUD
## THE SCHEME TO DEFRAUD

44.     Paragraphs 1 through 43 are incorporated by reference as if set forth in full.

45.     Between in or about December 29 2012, and continuing through in or about February 28, 2015, at Baker and Billings, Montana and other locations in the State and District of Montana and elsewhere, the defendants, WOODY'S TRUCKING and DONALD E. WOOD, JR., knowingly devised and intended to devise a scheme and artifice to defraud Great West, OSHA, and others, and for

obtaining money by means of material false and fraudulent pretenses and representations.

## MANNER AND MEANS

46.     It was part of the scheme that the defendants made or caused material false representations to be made to its insurer, Great West, and to government agencies including OSHA, and others, that WOODY'S TRUCKING was transporting "slop oil and water," and did not know that it was transporting hazardous materials during the December 29, 2012, shipment, in order to avoid liability and to obtain insurance coverage of and insurance defense against claims made against WOODY'S TRUCKING arising from the explosion during the offloading of that shipment, when in fact, as the defendants then knew, WOODY'S TRUCKING was transporting a shipment of hazardous natural gas condensate.

47.     It was part of the scheme that the defendants requested Great West to provide insurance coverage for a personal injury lawsuit brought by two Custom Carbon Processing, Inc., employees against defendant WOODY'S TRUCKING arising out of the December 29, 2012 explosion.

48.     It was part of the scheme that the defendants requested Great West to provide payment for repairs to Kelly Steen's truck and tractor that were damaged during the December 29, 2012 explosion.

## COUNT 2
## WIRE FRAUD
### (Wire to Great West – Repair Bills for Kelly Steen Vehicles)

49.     Paragraphs 1 through 48 are incorporated by reference as if set forth in full.

50.     On or about December 31, 2012, in the State and District of Montana, the defendants, WOODY'S TRUCKING and DONALD E. WOOD, JR., for the purpose of executing and attempting to execute the scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce, a facsimile from the office of WOODY'S TRUCKING at Baker, Montana, to "Great

West Casualty, Attn: Alicyn," with the subject line "Regarding: Claim # G01145."

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT 3
## WIRE FRAUD
### (Wire to OSHA – Bill of Lading)

51.     Paragraphs 1 through 50 are incorporated by reference as if set forth in full.

52.     On or about January 17, 2013, in the State and District of Montana, the defendants, WOODY'S TRUCKING and DONALD E. WOOD, JR., for the purpose of executing and attempting to execute the scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce, a

21

facsimile from the office of defendant WOODY'S TRUCKING at Baker,

Montana, to an OSHA office at Billings, Montana, with the subject line

"Regarding:  Bill of Lading."

All in violation of 18 U.S.C. §§ 1343 and 2.

### COUNT 4
### MAIL FRAUD
### (Mailing to Great West – Bill of Lading)

53.     Paragraphs 1 through 52 are incorporated by reference as if set forth

in full.

54.     On or about October 24, 2014, in the State and District of Montana,

the defendants, WOODY'S TRUCKING and DONALD E. WOOD, JR., for the

purpose of executing and attempting to execute the scheme, caused to be

deposited, and to be sent or delivered by United States mail to Great West, a copy

of the falsified Bill of Lading for the December 29, 2012, shipment.

All in violation of 18 U.S.C. §§ 1341 and 2.

### COUNT 5
### WIRE FRAUD
### (Wire to Great West – Personal Injury Lawsuit)

55.     Paragraphs 1 through 54 are incorporated by reference as if set forth

in full.

56.     On or about February 28, 2015, in the State and District of Montana,

the defendants, WOODY'S TRUCKING and DONALD E. WOOD, JR., for the

purpose of executing and attempting to execute the scheme, transmitted and caused

to be transmitted by means of wire communication in interstate commerce, an

email message from defendant DONALD E. WOOD, JR. from the email address

of falloncc@midrivers.com to his insurance representative at

wstieg@stieginsurance.com with a copy to woodystrucking@hotmail.com with the

subject line "Woody's complaint and summons." The Complaint and Summons,

included as an attachment to the email, made a claim for damages as a result of the

December 29, 2012, explosion. Through this email to Great West, defendants

received both costs of legal defense and indemnity related to this claim.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS 6 - 9
## TRANSPORTATION OF HAZARDOUS MATERIALS WITHOUT PLACARDS

57.     Paragraphs 1 through 56 are incorporated by reference as if set forth

in full.

58.     On or about the dates listed in the table below, near Wibaux and other

locations in the State and District of Montana and elsewhere, the defendants,

WOODY'S TRUCKING AND DONALD E. WOOD, JR. recklessly violated

transportation safety regulations promulgated pursuant to the Hazmat Law by

transporting and causing to be transported without placards shipments that

contained hazardous material, to wit: natural gas condensate, petroleum from a

natural gas plant at Watford City, North Dakota to an oil processing facility near Wibaux, Montana in violation of 49 U.S.C. § 5124; 18 U.S.C. § 2.

| Count 6 | November 21, 2012 |
| Count 7 | November 25, 2012 |
| Count 8 | November 30, 2012 |
| Count 9 | December 29, 2012 |

## COUNTS 10 - 13
## TRANSPORTATION OF HAZARDOUS MATERIALS WITHOUT PROPER SHIPPING PAPERS

59.     Paragraphs 1 through 58 are incorporated by reference as if set forth in full.

60.     On or about the dates listed in the table below, near Wibaux and other locations in the State and District of Montana and elsewhere, the defendants, WOODY'S TRUCKING AND DONALD E. WOOD, JR., did recklessly transport and caused to be transported a hazardous material, namely natural gas condensate, petroleum from a natural gas plant at Watford City, North Dakota to an oil processing facility near Wibaux, Montana without shipping papers required by Hazmat regulations containing the following information:

        a.      Entry of an "X" in the "HM" Column of the shipping paper to indicate the shipment contains a hazardous material;

24

b.   The proper shipping name, "Hydrocarbons, liquid, n.o.s.;"

c.   The proper hazard class, "Class 3 – flammable liquid;"

d.   The proper United Nations identification number: "UN3295;"

e.   The proper packing group number: "Packing Group 1;" and

f.   Emergency response information, including an emergency response telephone number, for use in the event of an emergency involving the hazardous material;

all in violation of 49 U.S.C §§ 5110, 5124 and 18 U.S.C. § 2.

| Count 10 | November 21, 2012 |
| Count 11 | November 25, 2012 |
| Count 12 | November 30, 2012 |
| Count 13 | December 29, 2012 |

## COUNT 14
## OBSTRUCTION OF JUSTICE

61.   Paragraphs 1 through 60 are incorporated by reference as if set forth in full.

62.   Between in or about December 29, 2012, and January 17, 2013, in the State and District of Montana, defendants WOODY'S TRUCKING and DONALD E. WOOD, JR., did knowingly alter, destroy, conceal, and cover up any record, document, and tangible object with the intent to impede, obstruct, and influence the

25

investigation and proper administration of a matter, and in relation and in

contemplation of such a matter, within the jurisdiction of the Occupational Safety

and Health Administration, a department and agency of the United States, in that

the defendants knowingly altered and caused to be altered a Bill of Lading to make

false entries regarding the contents of the December 29, 2012 shipment of

hazardous natural gas condensate, and sent the altered Bill of Lading by facsimile

transmission to an OSHA investigator at Billings, Montana, in order to conceal and

cover up the actual contents of the shipment and defendants' knowledge of the

actual contents.

All in violation of 18 U.S.C. § 1519.

## FORFEITURE ALLEGATION

63.     Upon conviction of any of the wire fraud or mail fraud offenses set

forth in Counts 2-5 of this Indictment, the defendants, WOODY'S TRUCKING,

LLC and DONALD E. WOOD, shall forfeit to the United States, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal,

which constitutes and is derived from proceeds traceable to the offense.

If any property that constitutes and is derived from the proceeds traceable to

the offenses set forth in Counts 2-5:

a.      Cannot be located upon the exercise of due diligence;

b.      Has been transferred or sold to, or deposited with, a third party;

26

      c.     Had been placed beyond the jurisdiction of the Court;

      d.     Has been substantially diminished in value; or

      e.     Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL.

Foreperson signature redacted.  Original document filed under seal.

_____

FOREPERSON

KURT G. ALME
United States Attorney

JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons 12/7/17 9:00 am TJC@ BLP

Warrant: _____

Bail: _____