Catherine A. Laughner
Carlo J. Canty
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
801 W. Main, Suite 2A
Bozeman, MT 59715
Telephone:  (406) 443-6820
Facsimile:  (406) 587-0165
Email:  cathyl@bkbh.com
          carlo@bkbh.com
          christy@bkbh.com

Attorneys for Woody's Trucking, LLC and
Donald E. Wood, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>WOODY'S TRUCKING, LLC, and<br>DONALD E. WOOD, JR.,<br><br>        Defendants. | Case No. CR 17-138-BLG-SPW<br><br>**DEFENDANTS'<br>BRIEF IN SUPPORT<br>OF MOTION TO DISMISS COUNTS<br>1, 2, 3, 4, 5, AND 14 OF THE<br>INDICTMENT DUE TO FAILURE<br>TO STATE AN OFFENSE<br>(WIRE/MAIL FRAUD)** |

Defendants Woody's Trucking, LLC and Donald E. Wood Jr., by and through their counsel of record, hereby file this brief in support to their Motion to Dismiss.

The government has charged Defendants Woody's Trucking LLC and Donald E. Wood, Jr. (collectively "Defendants") in Counts 2, 3, 4 and 5 with wire and mail fraud.  18 U.S.C. §§ 1343 and 2; 18 U.S.C. §§ 1341 and 2. Counts 2, 4, and 5 allege that Defendants committed wire and mail fraud between December 29, 2012 and February 28, 2015 by requesting insurance coverage and requesting payment for repairs to Kelly Steen's truck.  *See* Indictment ¶¶ 46, 47, 50, 54, and 56.  Count 3 alleges transmitting a facsimile with the subject line "Regarding: Bill of Lading" sent by Defendants to OSHA on January 17, 2013, constituting wire fraud. *See* Indictment ¶ 52.  Count 1 charges conspiracy.  Indictment ¶ 19. Because the government attempts to criminalize conduct these statutes do not punish as criminal behavior and fails to state an offense, Defendants move to dismiss the Counts 1, 2, 3, 4, and 5.

## STATEMENT OF FACTS[1]

Don and Brenda Wood own Woody's Trucking, LLC ("Woody's") a small business in Baker, Montana with six employees.   Woody's submitted a work agreement with the Saddle Butte Pipeline company ("Saddle Butte") to its insurance company, Great West Casualty Company ("Great West").  Indictment ¶

---

[1] The "Statement of Facts" is based on the factual allegations in the Indictment. Solely for the purpose of this motion, the Defendants assume the truth of the factual allegations pertinent to Counts 1 – 14. They expressly do not concede or admit the truth of those allegations.

1874261/4747.001

29. Saddle Butte was added as an additional insured party to be covered for transportation services. Indictment ¶ 29. The Indictment states that Woody's was required to list the commodities transported. Indictment ¶ 6. The Merriam Webster dictionary defines commodity as an

> economic good, such as (a) a product of agriculture or mining ·agricultural commodities like grain and corn (b) an article of commerce especially when delivered for shipment ·reported the damaged commodities to official (c) a mass-produced unspecialized product ·commodity chemicals commodity memory chips.

The Indictment does not allege Woody's was required to list hazardous materials or waste. The Indictment does not allege that Woody's was provided a shipping paper by Saddle Butte.

Five years ago, Woody's notified their insurance carrier, Great West of damage to a truck and trailer owned by Kelly Steen. Indictment ¶¶ 48, 50. On November 21, 2017—two days before Thanksgiving—Don and Brenda received the Indictment in their mail. The Indictment charged Woody's Trucking and Donald E. Wood, Jr. with 14 criminal violations. Mail and wire fraud are charged in Counts 2, 3, 4, and 5. Conspiracy is charged in Count 1, and obstruction of justice is charged in Count 14.

The Indictment alleges Woody's (1) faxed "Great West Casualty, Attn: Alicyn" with subject line: Regarding : Claim # G01145; (2) mailed a Bill of Lading to Great West on October 24, 2014; and (3) emailed a Complaint and

1874261/4747.001

Summons to Great West on February 28, 2015.  Indictment ¶¶ 50,  54, and 56.

The Indictment states on January 17, 2013 Woody's sent a fax to OSHA in Billings

with the subject line "Regarding:  Bill of Lading."  Indictment  ¶ 52.  Paragraph 34

of the Indictment alleges Defendants prepared a "Bill of Lading" (*i.e.*, receipt) but

there is no allegation in the Indictment that Defendants intended that that as a

"shipping paper" under 49 U.S.C § 5110.

## LEGAL STANDARD

"In ruling on a pretrial motion to dismiss an indictment for failure to state an

offense, the district court is bound by the four corners of the indictment… [T]he

court must accept the truth of the allegations in the indictment in analyzing

whether a cognizable offense has been charged.  The indictment either states an

offense or it doesn't."  *United State v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)

(citations omitted).  "[A]n indictment's complete failure to recite an essential

element of the charged offense is not a minor or technical flaw subject to harmless

error analysis, but a fatal flaw requiring dismissal of the indictment. *United States*

*v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (internal quotations marks omitted)

(citations omitted).

In matters of statutory interpretation, the Court must begin by analyzing the

text of the statute.  *United States v. Crooked Arm*, 788 F.3d 1065, 1073 (9th Cir.

2015) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 830[31 (9th Cir. 1996.)).  The Court may consider the legislative history if the statute is ambiguous or "if 'the legislative history clearly indicates that Congress meant something other than what it said.'"  *Crooked Arm*, 788 F.3d at 1073 (quoting *Carson Harbor Vill., Ltd. V. Unocal Corp.* 270 F.3d 863, 877 (9th Cir. 2001) (en banc)).

## ARGUMENT

### I.   COUNTS TWO, THREE, FOUR AND FIVE SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CRIMINAL OFFENSE

The United States Supreme Court has determined that the object of wire fraud is money or property in the victim's hands as an "element of the crime."  *See Pasquantino v. United States*, 125 S. Ct. 1766, 1771 (2005).  The federal statutes of mail and wire fraud only criminalize conduct designed to take money or property from the hands of the victim.  In order to be actionable, the Supreme Court has also made clear that a scheme must target a specific victim with an existing legal entitlement to identified property.  *Cleveland v. United States*, 531 U.S. 12, 15 (2000).  The Court has also explained that the wire and mail fraud statutes must be construed narrowly.  "There are no constructive offenses; and before one can be punished, it must be shown that the case is plainly within the

1874261/4747.001

statute." *McNally v. United States*, 483 U.S. 350, 356 (1987), *overruled by statute on other grounds*.

Transmission of a "bill of lading" cannot be a crime if the contents of the two different subchapters of the Department of Transportation regulations are properly understood.    A "bill of lading" is described in Subchapter B of the Department of Transportation Motor Carrier Safety Administration regulations as a carrier's receipt.  *See e.g.*, 49 C.F.R. 373.103.  The regulation treats "bill of lading" and "receipt" interchangeably.  Subchapter C of the Department of Transportation Hazardous Material regulations defines a "shipping paper" as a shipping order, bill of lading, manifest or other shipping document serves a similar purpose and prepared in accordance with Subpart C of part 172 of this chapter.  *See* 49 C.F.R. 171.8.   The Transportation and Hazardous Materials Act specifies that the shipper provides the carrier with the shipping paper.   49 U.S.C § 5110(a) ("Providing shipping papers.--Each person offering for transportation in commerce hazardous material to which the shipping paper requirements of the Secretary apply shall provide to the carrier providing the transportation a shipping paper that makes the disclosures the Secretary prescribes in regulations.").   Both "bill of lading" and "shipping paper" are terms used throughout the Indictment, but the terms are not interchangeable.  *Compare* 49 C.F.R. 373.103 (Subchapter B) and 49 C.F.R. 171.8

6

(Subchapter C).  It may be a theory of the government that the "bill of lading" is the "shipping paper," but that is not a fact that must be taken as true.

The theory becomes apparent from the government's loose use of the terms, conflating "Bill of Lading" and "shipping paper" in Paragraph 34 of the Indictment.  The first sentence of that paragraph pertains to the "Bill of Lading" but there is a switch to "shipping papers" in the second sentence.   Indictment  ¶ 34.  There is no paragraph in the Indictment stating Woody's was provided a "shipping paper" from Saddle Butte as 49 U.S.C. § 5110(a) requires.  Nor is there an allegation in the Indictment that Saddle Butte designated any loads described in Paragraph 32 of the Indictment as a hazardous material under 49 U.S.C. § 5102(2).

The effort to criminalize Defendants' alleged act of transmitting its receipt, *i.e.* a bill of lading, suffers from at least three independent fatal flaws:  (1) there was no scheme to obtain money or involving bribery or kickbacks from "OSHA or others;" (2) there are no victims; and, (3) the transmissions do not amount to wire fraud because they somehow constituted a scheme to "avoid liability."

As to the first flaw, a brief review of the Indictment demonstrates there are no alleged facts in the Indictment related to a scheme to obtain money or involving bribery or kickbacks from "OSHA or others."  *See McNally*, 483 U.S. at 360 (holding § 1346 is "limited in scope to the protection of property rights"); *Skilling v. United States*, 561 U.S. 358, 408-09 (2010) (interpreting the statute's 1988

1874261/4747.001

amendment to extend the *McNally* holding such that "§ 1346 criminalizes only the bribe-and-kickback core of the pre-*McNally* case law").

As to the second flaw, there are no victims. According to the government, the December 31, 2012 and January 17, 2013 requests by Defendants were made to "avoid liability and to obtain insurance coverage and insurance defense" arising from a December 29, 2012 explosion. *See* Indictment ¶ 46. The Indictment alleges Defendants knowingly devised and intended to devise a scheme and artifice with the purported goal of defrauding "Great West, OSHA, and others," and for obtaining money. *See* Indictment ¶ 45. Great West is not a victim but the recipient of requests made by Defendants, as paragraphs 47 and 48 of the Indictment alleges. Accordingly, the government acknowledges ***requests*** were made, and as a mere recipient of a request, there is no victim. It is normal conduct—not criminal conduct—to notify insurers immediately after an accident and to comply with information requests to the best of the insured's ability.

The government has confirmed that there are no victims. It did not identify any victim as required by filing a Fed. R. Crim. P. 12.4 Disclosure.

Finally, as to the third flaw, the transmissions, including the December 31, 2012 and January 17, 2013 requests described in the Indictment in Counts 2 -5, do not give rise to criminal conduct because Defendants somehow sought a scheme to "avoid liability." *See* Indictment ¶ 46. The liability allegedly "avoided" is

8

undefined and vague.  Defendants' potential future monetary liability hardly

creates a property right for OSHA, "others," or Great West.    Moreover, the

government's allegation that Defendants schemed to "avoid liability" is a theory,

not a fact, and the Court need not accept such as true.

## II.    THE GOVERNMENT'S STRAINED EFFORT TO EXPAND THE REACH OF THE WIRE FRAUD AND MAIL FRAUD STATUTES IS UNJUSTIFIED

When interpreting the property requirement of the mail and wire fraud

statutes, *Cleveland* invoked the rule of lenity and the long-standing principle of the

strict construction of federal criminal states.  Not only should they be strictly

construed, but there should also be no charges when an alleged scheme is between

private entities.  The Prosecution Policy Relating to Mail Fraud and Wire Fraud in

the U.S. Attorney's Manual recognizes federal criminalization of private

interactions should not be taken:

> Prosecutions of fraud ordinarily should not be undertaken if the scheme employed consists of some isolated transactions between individuals, involving minor loss to the victims, in which case the parties should be left to settle their differences by civil or criminal litigation in the state courts.

U.S. Attorney Manual, 9-43.100.  A remedy is available to the parties through a

Declaratory Action pursuant to Mont. Code Ann. §§ 27-8-201, *et seq.  See Great*

*West v. Woody's Trucking, LLC*, Cause No. CV-15-81-BLG-SPW .

9

**III.    COUNT ONE SHOULD BE DISMISSED OR ITS ALLEGATIONS SHOULD BE STRICKEN AS SURPLUSAGE BECAUSE THERE CAN BE NO CONSPIRACY WHEN THERE IS NO SUBSTANTIVE CRIME**

Count 1 alleges an object of the conspiracy is to knowingly defraud Great West by, among other allegations, committing wire fraud, mail fraud, and aiding and abetting.  The essential elements of the conspiracy to commit mail fraud or wire fraud in violation of 18 U.S.C. § 371, are "(1) an agreement to engage in criminal activity [mail or wire fraud], (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime."  *United States v. Johnson*, 297 F.3d 845, 868 (9th Cir. 2002).    The essential elements are not met if the substantive crimes, wire fraud and mail fraud are dismissed.  Accordingly,  if the Court holds that Counts 2 – 5, are legally invalid, Count I, as presently framed, cannot stand.

It is clear that the government could not proceed to trial on a multiple-object conspiracy and obtain a general verdict where one object of the conspiracy is legally inadequate. *See Yates v. United States*, 354 U.S. 298 (1957); *United States v. Choy*, 309 F.3d 602,605 (9th Cir. 2002).  Moreover, because there is no way to know whether the grand jury would have returned an indictment on Count I if the other violation had not been presented to it, *see Russell v. United States*, 369 U.S. 749, 770 (1962), it would be improper to simply re-write the Indictment.  If the

10

government wishes to proceed on a conspiracy charge, it must present a legally-sufficient charge to the grand jury. *Cf. United States v. Bruce*, 394 F.3d 1215 (9th Cir. 2005) (reversing conviction where defendant was charged under the wrong statute and holding that the error was not harmless because a court "may not presume to correct the decisions of the grand jury by altering the sections charged under the United States Code.").

Alternatively, the allegations related to wire fraud and mail fraud contained in Count 1 should be stricken as surplusage because they cannot be considered "overt acts" in furtherance of any conspiracy.  Under Rule 7(d) of the Federal Rules of Criminal Procedure, surplusage may be stricken when it is both immaterial and prejudicial.  Rule 7(d), Fed. R. Crim. P., *U.S. v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ("[Rule 7(d)] introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial.").  Here, the government's assertions regarding wire fraud and mail fraud are not relevant for the reasons stated above, and they are prejudicial.  Thus, those "overt acts" alleging wire fraud and mail fraud cannot be considered as "overt acts" probative of a conspiracy, and should be stricken from the Indictment as surplusage.

//

//

11

1874261/4747.001

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court dismiss with prejudice Counts 1, 2, 3, 4, and 5 of the Indictment.

DATED this 22nd day of December, 2017.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By */s/ Carlo J. Canty*_____
     Carlo J. Canty

**Attorneys for Woody's Trucking, LLC and Donald E. Wood, Jr.**

1874261/4747.001

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E) and L.R. CR 47.2, I certify that the foregoing is double spaced, is proportionately spaced 14 point typeface, and contains 2,403 words.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2017, a true copy of the foregoing was served:

Via ECF to the following parties:

W. Adam Duerk
Assistant U.S. Attorney
Eric E. Nelson
Special Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802


*/s/ Carlo J. Canty*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

14