IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JAN 17 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WOODY'S TRUCKING, LLC, and DONALD E. WOOD, JR.,<br><br>Defendants. | CR 17-138-BLG-SPW<br><br>ORDER |

Before the Court are three pretrial discovery motions (Docs. 31, 33, and 49) filed by Defendants Woody's Trucking and Donald E. Wood, Jr. For the foregoing reasons, the motions are granted in part and denied in part.

I. **Motion for grand jury materials (Doc. 31)**

The court may authorize disclosure of a grand jury matter "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To overcome the public interest in grand jury secrecy, a defendant is required to make "a strong showing of a particularized need for grand jury materials." *United States v. Sells Eng'g*, 463 U.S. 418, 442-443 (1983). A particularized need means the materials are

1

necessary to avoid possible injustice, the defendant's interests outweigh the public's interest in grand jury secrecy, and the request is narrowly structured to cover only the material needed. *Sells Eng'g*, 463 U.S. at 442-443. Unsubstantiated or speculative assertions of impropriety are not enough to overcome the public's interest in grand jury secrecy. *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987). Unlike other grand jury materials, disclosure of instructions and charges given to the grand jury does not require a particularized need. *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973).

The Defendants argue they are entitled to the grand jury transcript because the government indicted the Defendants for conduct that is not criminal. Specifically, the Defendants argue that because natural gas condensate is not a designated hazardous substance, it was not criminal to transport it without the required paperwork and signs. The Defendants contend the grand jury therefore indicted them for non-criminal conduct.

The Defendants have not made a strong showing of a particularized need for the grand jury transcript because the indictment sufficiently alleges the Defendants committed crimes. In its order denying five motions to dismiss the indictment, the Court discussed at length that the indictment sufficiently alleges natural gas condensate is a designated hazardous material because it is a Class 3 hazardous substance. The indictment further alleges that because natural gas condensate is a

designated hazardous material, the Defendants recklessly violated safety regulations when they transported it without the required paperwork and signs. The grand jury therefore indicted the Defendants for allegedly criminal conduct. Whether the Government can prove that natural gas condensate is a Class 3 hazardous substance, and therefore a designated hazardous material subject to regulation, is a fact issue for trial. The motion is denied as to the grand jury transcript.

The Defendants next argue they are entitled to the grand jury transcript to impeach witnesses, refresh their recollection, and test their credibility at trial.

A particularized need may exist when a defendant shows grand jury materials are required to effectively cross-examine witnesses and present a vigorous defense. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). However, the bare assertion of impeachment or refreshing a recollection is not enough; the defendant must show a particularized need. *DeTar*, 832 F.2d at 1113.

The Defendants have not made a strong showing of a particularized need for the grand jury transcript because their argument is a bare assertion of a need. For instance, the Defendants do not state which witnesses will be impeached or which witnesses will need their memories refreshed. The Defendants do not state the relevant facts at issue. The Defendants do not state the elements of the crimes at

issue. In sum, the Defendants do not provide an articulated reason for the materials. The motion is denied as to the grand jury transcript.

The Defendants next argue they are entitled to the instructions and charges given to the grand jury. The government responds only that the Defendants have not shown a particularized need for the instructions and charges. However, the Defendants are not required to show a particularized need for instructions and charges given to the grand jury. *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973). The motion is granted as to the instructions and charges given to the grand jury.

## II. Motion for agent notes (Doc. 33)

The government's discovery obligations do not include disclosing, or offering for inspection, reports, memorandum, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Fed. R. Crim. P. 16(a)(2).

The Defendants argue the agent notes should be produced because the government has offered them for inspection but not for production. The Defendants contend producing the notes will alleviate the burden of traveling to the government's office. However, under Rule 16(a)(2), the government is under no obligation to offer the notes for inspection or production, and the Court has little authority to order otherwise. Furthermore, the Court notes the distance between

defense counsel's office in Helena, MT, and the government's office in Missoula, MT, is 114 miles; less than a two hour drive. The motion is denied.

### III. Motion for early release of witness and exhibit lists (Doc. 49)

At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Fed. R. Crim. P. 16(d)(1). The court may enforce discovery by any order "that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The Ninth Circuit has construed Rule 16 to mean district courts have discretion to order the government to produce an early list of witnesses. *United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2008). However, defendants are not entitled to an early list of witnesses. *W.R. Grace*, 526 F.3d at 511. Instead, defendants must show an early list of witnesses is appropriate under the circumstances. *W.R. Grace*, 526 F.3d at 513.

The Defendants argue the early release of witness and exhibit lists is appropriate for two reasons.

First, the Defendants argue an early list of witnesses is appropriate so the Defendants can avoid discussing the case with potential witnesses, which they claim would violate their conditions of release. The Court rejects this argument. The conditions of release do not prohibit speaking with a witness; they prohibit tampering with, retaliating against, and intimidating, witnesses. (Doc. 10). Tampering, retaliating, and intimidating are also separate and distinct criminal

offenses, i.e., the Defendants are prohibited from tampering, retaliating, and intimidating, with or without the pretrial release conditions. *See* 18 U.S.C. §§ 1512, 1513.

Second, the Defendants argue the early release of the witness and exhibit lists is appropriate to protect the Defendants' speedy trial rights. However, the Defendants do not articulate this argument beyond the bare assertion that speedy trial rights are implicated. Whereas in *W.R. Grace* the early release of the witness list was appropriate because it was a corporate criminal case spanning nearly 30 years, with over 230 witnesses and more than a thousand victims, 526 F.3d at 503, the Court has been given no articulated reason why early release of the witness and exhibit lists is appropriate here. The motion is denied.

## IV.    Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The motion for grand jury materials (Doc. 31) is GRANTED with respect to the instructions and charges given to the grand jury, and DENIED with respect to the grand jury transcript.

2. The motion for agent notes (Doc. 33) is DENIED.

3. The motion for early release of witness and exhibit lists (Doc. 49) is DENIED.

DATED this 17th day of January, 2018.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge