
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WOODY'S TRUCKING, LLC, and<br>DONALD E. WOOD, JR.,<br><br>Defendants. | CR 17-138-BLG-SPW<br><br>ORDER |

Before the Court are three motions in limine filed by Defendants Woody's Trucking and Donald E. Wood, Jr. (Docs. 45, 76, and 78). For the foregoing reasons, the Court denies the motions but extends the deadline for the Defendants to supplement their expert reports.

**I.   Background**

For the factual underpinnings of the indictment, see the Court's order denying the Defendants' five motions to dismiss the indictment. (Doc. 80).

The Defendants were indicted on November 16, 2017. (Doc. 1). On December 7, 2017, the Defendants were arraigned. (Docs 8-9). The same day, the Court issued its scheduling order. (Doc. 13). The scheduling order set a discovery

1

deadline of December 11, 2017. (Doc. 13 at 2). The Court provided the Defendants with a reciprocal discovery deadline of January 5, 2018. (Doc. 26).

In its initial discovery disclosure, the government stated it would likely call several regulatory compliance experts in its case in chief. (Doc. 46-2 at 4). The government stated it did not intend to call scientific experts. (Doc. 46-2 at 4). However, the government's initial disclosure included the findings of two OSHA analysts, who analyzed samples taken from the truck involved in the explosion. Sometime after December 11, 2017, and continuing up until January 5, 2018, the government provided further disclosures, including the underlying data of the OSHA findings, the analysts' qualifications, and certain emails. Additionally, the government notified the Defendants it no longer anticipated calling regulatory compliance experts in its case in chief, and would instead call such experts in rebuttal, if necessary. The government did not provide full expert disclosures for the regulatory compliance experts.

The Defendants filed the present motions in limine, arguing the OSHA analysts and the regulatory compliance experts should be excluded in full.

## II. Law

Rule 16 requires the government to disclose, at the defendant's request, a summary of any expert witness testimony the government intends to use during its case-in-chief as well as "the bases and reasons for those opinions," the data and

2

scientific reports supporting the opinions, and other expert documents. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (citing Fed. R. Crim. P. 16(a)(1)(E-G)). District courts may enforce discovery deadlines with appropriate orders, including the exclusion of untimely produced evidence. *W.R. Grace*, 526 F.3d at 513 (citing Fed. R. Crim. P. 16(d)(2)).

## III. Discussion

### A. The OSHA analysts, findings, underlying data, and additional documents

Defendants argue the OSHA analysts and supporting material should be excluded for two reasons. First, Defendants argue the government failed to timely designate and disclose the OSHA analysts and supporting materials. Second, Defendants argue they suffered prejudice because their own experts were not able to consider the untimely disclosures. The government responds it did not need to produce expert disclosures for the OSHA analysts because the OSHA analysts are fact witnesses, not experts. The government states that nevertheless, it provided the OSHA analysts' findings in its initial disclosure, has since made further disclosures, and that, if ordered, it will produce the appropriate expert disclosures.

As a preliminary matter, the Court must determine whether the government was required to produce expert disclosures for the OSHA analysts, which in turn depends on whether the OSHA analysts will provide lay or expert testimony.

In the context of an opinion, the difference between lay and expert testimony is whether the opinion is based on scientific or other specialized knowledge. *Compare* Fed. R. Evid. 701 *with* Fed. R. Evid. 702. The proposed testimony of the OSHA analysts includes collecting samples and testing those samples. That testimony is, indisputably, based in scientific knowledge. The government contends that, although scientific, the testimony concerns facts and observations, not opinions, and is thus admissible as non-opinion lay testimony. The government is correct that the rules, on their face, do not prohibit non-opinion lay testimony based in science or specialized knowledge. By its plain language, Rule 701 bars only lay opinions based in science or specialized knowledge. The rules thus leave open the possibility that non-opinion testimony based on scientific or other specialized knowledge may be properly characterized as lay testimony. The rules do not define which statements are opinions and which statements are facts or observations.

The Court acknowledges the line between expert and lay testimony "is a fine one." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010). After reading the advisory committee notes, several cases, and considering the intent of the rules, the Court holds the testimony of the OSHA analysts is, at least in part, expert testimony subject to the disclosure requirements contained in Federal Rule of Criminal Procedure 16.

The advisory committee does not distinguish lay and expert testimony based on whether it is an opinion, but instead on whether it is scientific in nature. The notes to the rules advise "a witness's testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 advisory comm. n. (2000). The notes elaborate that Rule 701 ensures "a party will not evade the expert witness disclosure requirements set forth in . . . Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Rule 701 advisory comm. n. (2000).

Courts do not consistently apply Rules 701 and 702 as straightforwardly as the committee notes advise, however. Treating physicians are routinely allowed to testify as lay witnesses even though medical testimony is based on scientific or other specialized knowledge. *See Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1316-1317 (11th Cir. 2011); *United States v. Wells*, 211 F.3d 988, 998 (6th Cir. 2000) (citing *Richardson v. Consol. Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994)). In these cases, courts reason that a treating physician's testimony is lay testimony because it is based on personal observation, but they do not explain whether personal observation means the testimony is one of fact, not opinion, or if personal observation means the testimony is not based in science. *Williams*, 644 F.3d at 1316-1317; *Wells*, 211 F.3d at 998; *Richardson*, 17 F.3d at 218. The notion

that personal observation of a patient renders a treating physician's testimony based in something other than science is somewhat counterintuitive, but medical testimony is not the only area courts employ the personal observation reasoning to allow witnesses to provide lay testimony that otherwise appears to be expert in nature. Despite accounting and financial principles constituting what most would consider specialized knowledge, the testimony of accountants and financial persons is often considered lay testimony when the testimony is based on personal observation of the business in question. *See United States v. Kerley*, 784 F.3d 327, 337-340 (6th Cir. 2015); *Ryan Development Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013); *United States v. Valencia*, 600 F.3d 389, 416-417 (5th Cir. 2010); *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181-182 (2nd Cir. 2004).

In other cases, courts have stuck to the distinction suggested in the committee notes—whether the testimony is based on "some specialized knowledge or skill or education that is not in possession of the jurors." *Johnson*, 617 F.3d at 292-293. Applying this distinction, courts have held forensic computer analysis is expert testimony because, even though the testimony is based on the witness's personal observation, it encompasses specialized knowledge. *United States v. Ganier*, 468 F.3d 920, 926-926 (6th Cir. 2006); *United States v. Yu*, 411 Fed.Appx.

559, 566-567 (4th Cir. 2010) (testimony was expert testimony even if witness confined testimony to her own extraction and translation of the computer data).

The difference between a doctor, an accountant, and a forensic analyst is not clear. In most cases, each witness's testimony is based on personal observation: the doctor's observation of the patient, the accountant's observation of the business's finances, and the forensic analyst's observation of a piece of evidence. Likewise, each one applies their particular expertise when making the observation. It seems patently inconsistent to hold a doctor's testimony that a patient is cancer free is not expert testimony but a forensic analyst's testimony about digital material recovered from a computer is expert testimony. *Compare Yu*, 411 Fed.Appx. at 566-567 *with Wells*, 211 F.3d at 998.

Nonetheless, having considered the above authority, and in an abundance of caution, the Court holds the OSHA analysts' testimony is expert testimony, at least in part. An analysis of substances taken from the truck involved in the explosion is "based on scientific, technical, or other specialized knowledge." The committee notes advise that testimony based on scientific knowledge "must be scrutinized" under Rule 702 to prevent a party evading the expert disclosure requirements of Rule 16. Rule 701 advisory comm. n. (2000). The OSHA analysts' testimony is therefore expert testimony and the government violated Rule 16 when it did not provide the Defendants with the required expert disclosures.

Turning to the question of the remedy, Rule 16 states district courts may order noncompliant parties to permit discovery, grant a continuance, prohibit noncompliant parties from introducing the evidence, or enter any order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2)(A-D). Rule 16 grants district courts "broad discretion to fashion remedies for the violation of [their] discovery orders." *United States v. Spillone*, 879 F.2d 514, 522 (9th Cir. 1989). The sanction should not be "harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983).

Here, exclusion of the evidence is unnecessary to remedy the prejudice arising from the government's violation of Rule 16. First, the Defendants presently possess most if not all of the required expert disclosures. The government timely provided the OSHA analysts' findings and has since provided the underlying data for the findings, the OSHA analysts' qualifications, and other material. Second, on the Defendants' motion, the trial has been continued until May 14, 2018. The appropriate and just remedy under these circumstances is to order the government, to the extent it has not already done so, to provide the Defendants with all of the OSHA analysts' required expert disclosures, and to permit the Defendants to supplement their own expert reports. The motion to exclude the OSHA analysts is denied.

## B. The regulatory compliance experts

The Defendants argue the regulatory compliance experts should be excluded for two reasons. First, the Defendants argue the government may not call the regulatory compliance experts in its case in chief because it did not provide expert disclosures. Next, the Defendants argue the government is attempting to work around Rule 16 by calling the regulatory compliance experts under the guise of rebuttal.

By its plain terms, Rule 16's expert disclosure requirements apply only to experts the government will call in its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The government may not escape Rule 16's requirements by using rebuttal witnesses to prove its case in chief. "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal testimony that is offered as additional support for an argument made in the case in chief is improper. *Peals*, 535 F.3d at 630.

The government agrees that it will not call its regulatory compliance experts in its case in chief. The government further agrees that it may not use rebuttal to put on direct evidence that should have been introduced in its case in chief. If the government exceeds the proper scope of rebuttal, the Defendants may object at trial. The motion to exclude the regulatory compliance experts is denied.

## IV. Conclusion and order

It is hereby ordered:

1. The Defendants' motions in limine (Docs. 45, 76, and 78) are denied.

2. The government must provide full expert disclosures for the OSHA analysts within 7 days of the date of this order.

3. The Defendants may supplement their expert reports within 30 days of the date of this order.

DATED this 20th day of February, 2018.

SUSAN P. WATTERS
United States District Judge