FILED
APR 1 2 2018
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WOODY'S TRUCKING, LLC, and DONALD E. WOOD, JR.,<br><br>Defendants. | CR 17-138-BLG-SPW<br><br>ORDER |

Before the Court is the government's motion to exclude or limit the testimony of two experts retained by the Defendant. (Docs. 86). For the following reasons, the Court grants in part and denies in part the motion.

I. **Background**

For the factual underpinnings of the case, see the Court's order denying the Defendants' five motions to dismiss the indictment. (Doc. 80).

II. **Standard**

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data;

1

(c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted). Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564.

"Expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a fact in issue." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993); Fed. R. Evid. 702(a). Federal Rule of Evidence 704(a) clarifies that "[a]n opinion is not objectionable just because it embraces an ultimate issue." "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.

Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations and quotations omitted) (emphasis in original). "It is the district court---not an expert witness---that instructs the jury on what the law is." *United States v. Robertson*, 875 F.3d 1281, 1294 (9th Cir. 2017) (citing *Weitzenhoff*, 35 F.3d at 1287).

## III. Discussion

The government argues portions of the expert testimony of Albert Calkin and Tom Richmond should be excluded or limited.

### 1. Calkin

The government argues three specific portions of Calkin's testimony are inadmissible. First, the government argues Calkin misrepresents the legal obligation placed on the Defendants. Second, the government argues Calkin misleadingly relies on some documents but not others to form his opinion that the Defendants reasonably relied on the shipper's representations. Third, the government argues Calkin offers an inadmissible opinion on the Defendants' mental state.

#### A. The legal obligation placed on Defendants

Calkin opines that shippers have the responsibility to determine if the material being offered for transportation is hazardous and that it would have been a

3

violation of the law for the Defendants to place placards on a vehicle unless the shipper had determined the material to be shipped was hazardous. (Doc. 87-1 at 2-5). The government contends Calkin's testimony is an erroneous statement of the Hazardous Material Transportation Act (Hazmat) and accompanying regulations. The Defendants respond that Calkin's testimony speaks mostly to industry standards and any flaw in Calkin's testimony should be addressed on cross-examination.

To the extent Calkin opines that the industry standard is that shippers usually assume the various regulatory responsibilities, it is admissible because it is relevant and helpful on the issue of whether the Defendants recklessly violated Hazmat regulations as alleged by the government. To the extent Calkin opines that the law solely obligates the shippers to comply with Hazmat regulations, it is inadmissible because Hazmat regulations obligate both shippers and carriers to comply with the appropriate shipping paper, placarding, and marking regulations. 49 U.S.C. § 5103(b)(A); 49 C.F.R. § 171.1(b); 49 C.F.R. § 172.3; 49 C.F.R. § 172.200; 49 C.F.R. § 172.300; 49 C.F.R. 172.500; 49 C.F.R. 172.506; 49 C.F.R. 271.600; 49 C.F.R. § 177.800(b); 49 C.F.R. § 177.801; 49 C.F.R. § 177.817. Furthermore, the Court is unaware of a law or regulation that removes a carrier's obligation to comply with Hazmat regulations and the Defendants provided none in their response brief. To the extent Calkin opines the Defendants' obligation to comply

with Hazmat regulations was removed, it is inadmissible. The government's motion is granted in part and denied in part.

### B. The Defendants reliance on the shipper's representations

Calkin opines the Defendants reasonably relied on the shipper's representations that the material to be shipped was "waste water." The government contends Calkin's opinion is misleading because documents indicate the Defendants knew the material to be shipped was not "waste water." The Defendants respond the government's contention should be raised on cross-examination. The Court agrees with the Defendants.

Calkin relied on numerous documents to form his opinion that the Defendants reasonably relied on the shipper's representations. (Doc. 87-1 at 1, 4-5). Although some of the documents cited by Calkin were apparently created by the shipper internally and may not have been seen by the Defendants, those documents do not form the sole basis for Calkin's opinion. Instead, Calkin appears to cite those documents to support his contention that the shipper, at some point, had made representations that the material was "waste water." Cross-examination is the appropriate method to expose any flaws or contradictions in the materials relied on by Calkin. The government's motion is denied.

### C. The Defendants' mental state

Calkin opines the Defendants were not reckless. The government contends Calkin's opinion is inadmissible because it compels the conclusion the Defendants did not have the requisite mental state. The Defendants respond Calkin's opinion does not compel a conclusion but rather allows the jury to draw the inference that the Defendants did not have the requisite mental state. The Court agrees with the government.

Fed. R. Evid. 704(b) creates an exception to the general rule that an expert opinion may embrace an ultimate issue: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." The Ninth Circuit has adopted an interpretation of Rule 704(b) that "allows testimony supporting an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997) (en banc). Expert testimony that compels the jury to conclude the defendant did or did not possess the requisite mens rea "encroaches on the jury's vital and exclusive function to make credibility determinations." *United States v Finley*, 301 F.3d 1000, 1014-15 (9th Cir. 2002). It is therefore necessary to distinguish between expert opinions

that "necessarily compel" a conclusion about a defendant's mens rea and those that do not. *Id.* at 1015.

Here, recklessness is the requisite mental state of Counts 6-13, which allege the Defendants committed crimes by recklessly violating the Hazmat regulations. Calkin's opinion that the Defendants did not act recklessly impermissibly draws an ultimate conclusion on the Defendants' mental state because it "necessarily compels" the jury to conclude the Defendants did not act recklessly. Unlike other portions of Calkin's opinion, where he contends it's reasonable for carriers to rely on shippers to handle regulatory compliance, it leaves no room for interpretation or drawing of rational inferences. The government's motion is granted.

### 2. Richmond

The government argues two specific portions of Richmond's testimony are inadmissible. First, the government argues Richmond's opinion regarding the terminology used in the oil field will confuse the jury. Second, the government argues Richmond's opinion regarding the criminal investigation into the explosion is irrelevant.

#### A. Oil field terminology

Richmond opines oil field terminology is not precise, and that companies might refer to the same substance as "slop oil," "tank bottoms," or "drip gas." (Doc. 87-1 at 20).

7

The Court disagrees with the government that Richmond's opinion will confuse the jury. Richmond's opinion regarding the jargon used in the oil field will help the jury determine whether the Defendants knew what they were transporting, a critical issue of fact in the case. The government's motion is denied.

### B. The criminal investigation into the explosion

Richmond opines that he agrees with the conclusion of the Montana Board of Oil and Gas Conservation that suspected no criminal activity occurred at the processing plant where the explosion occurred. The government contends whether criminal activity was suspected is irrelevant to any issue in this case. The Defendants respond the government has made the explosion a part of the case. The Court agrees with the government.

The Defendants are not charged with a crime in connection to the explosion. There is no allegation they were at fault for the explosion. The Court has already excluded evidence concerning the details of the explosion. (Doc. 88 at 13). The fact the explosion occurred is admissible only for the narrow purpose of providing context for the civil lawsuit and insurance payments, which provide the alleged incentive for the Defendants to defraud. Whether or not criminal activity caused the explosion is irrelevant to any fact or issue of consequence in this case. The government's motion is granted.

DATED this 11th day of April, 2018.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge