FILED
APR 27 2018
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WOODY'S TRUCKING, LLC, and<br>DONALD E. WOOD, JR.,<br><br>Defendants. | CR 17-138-BLG-SPW<br><br>ORDER |

Before the Court are three motions filed by Defendant's Woody's Trucking and Donald E. Wood, Jr. ("Woody's"). First, Woody's moves for an order compelling the government to disclose certain materials. (Doc. 103). Second, Woody's moves for an order excluding the testimony of the government's expert witness. (Doc. 105). Third, Woody's moves for judicial notice that the United States Energy Information Administration's website defines crude oil to include drip gas. (Doc. 102). For the following reasons, the Court denies the motions.

I. **Background**

For the factual underpinnings of the case, see the Court's order denying the Defendants' five motions to dismiss the indictment. (Doc. 80).

II. **Discussion**

1

A.  Motion to compel

Woody's argues the government has failed to turn over certain documents referenced in other documents provided in discovery. The government responds it has either provided all of the documents to Woody's or does not possess the documents. Additionally, the government states the Presentence Report information requested by Woody's is not normally subject to discovery, but the government will submit the information to the Court for in camera review to determine if the information contains *Brady* material. Woody's responds the government has indeed provided the information requested, except for the Investigative Activity Report and agent notes generated from a witness interview.

As stated in a prior order, the government's discovery obligations do not include disclosing, or offering for inspection, reports, memorandum, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. (Doc. 81 at 4 (citing Fed. R. Crim P. 16(a)(2)). The Court has little authority to order otherwise. However, the government stipulates that evidence should be limited to documents the defense has seen. (Doc. 108).

The motion to compel production of the IAR and agent notes is denied and the motion to limit evidence to documents the defense has seen is granted. Further, the government is ordered to provide the Court, for in camera review, a copy of the

2

Presentence Report information within five days of the date of this order. *See United States v. Alvarez*, 358 F.3d 1194, 1207-1208 (9th Cir. 2004) (appropriate procedure when defendant requests probation files is for trial judge to conduct an in camera review to determine whether they contain *Brady* information).

**B.     Motion to exclude**

Woody's argues the government's expert from the Occupational Safety and Health Administration (OSHA) is a "dual role" witness whose mixed expert and lay testimony will confuse jurors. The government responds any potential for prejudice can be addressed through jury instructions and trial management. The Court agrees with the government.

Dual role witnesses are permissible. *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). When the government seeks to use an investigating agent as both an expert and a lay witness, district courts must take appropriate measures to avoid confusing the jury. First, the lay and expert testimony should be clearly separated. *United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015). Second, the government must provide an adequate foundation for the witness's expert testimony. *Torralba-Mendia*, 784 F.3d at 658. Third, the jury must be appropriately instructed. *Torralba-Mendia*, 784 F.3d at 658. Fourth, the witness cannot testify based on speculation or hearsay. *Torralba-Mendia*, 784 F.3d at 658.

The Court will follow the procedure outlined in *Torralba-Mendia*. The OSHA expert's testimony will be separated into a lay witness phase and an expert witness phase. *See United States v. Anchrum*, 590 F.3d 795, 803-804 (9th Cir. 2009). The parties are ordered to include in their joint proposed jury instructions an instruction on dual role witnesses. Woody's motion is denied.

### C. Motion for judicial notice

An issue of consequence in this case is whether Woody's falsified a bill of lading when it allegedly stated the materials transported were "slop oil and water from condensate." (Doc. 115 at 3). At trial, Woody's apparently plans to advance a theory that "slop oil and water from condensate" may mean several different things in oilfield jargon. To prove this theory, Woody's is calling an expert who will testify to oilfield jargon. (Doc. 109 at 7). In addition, Woody's requests the Court take judicial notice that the United States Energy Information Administration's website defines crude oil to include drip gas as of March, 29, 2018. (Doc. 102-1).

The government does not dispute that the United States Energy Information Administration's website defines crude oil to include drip gas. Instead, the government argues that the Energy Information Administration's definition is a legislative fact that is not subject to judicial notice. The government further argues that the Energy Information Administration's website is irrelevant because

4

Woody's has not established how, if at all, the Energy Information Administration's website defined crude oil during the time frame alleged in the indictment.

Courts may judicially notice a fact that is not subject to reasonable dispute. Fed. R. Evid. 201(b). If the Court is supplied with the necessary information to determine the fact is beyond reasonable dispute, it must take judicial notice of the fact. Fed. R. Evid. 201(c)(2). The rule allows judicial notice of adjudicative facts, not legislative facts. Fed. R. Evid. 201(a). Adjudicative facts are those "to which the law is applied in the process of adjudication. They are the facts that normally go to the jury . . . [and] relate to the parties, their activities, their properties, their businesses." Fed. R. Evid. 201(b) 1972 Advisory Comm. Notes (citing 2 K. Davis Administrative Law Treatise § 15.03 at 353). Legislative facts are those "which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201(b) 1972 Advisory Comm. Notes (citing Kenneth Davis, *An approach to Problems of Evidence in the Administrative Process*, 55 Harv. L. Rev. 364, 404-407 (1942)). In a criminal case, the jury must be instructed that it may or may not accept the noticed fact as conclusive. Fed. R. Evid. 201(f).

The fact the United States Energy Information Administration's website defines crude oil to include drip gas is an adjudicative fact, not a legislative fact, because it is a fact that the jury would normally decide when weighing the merits of Woody's theory of defense. Furthermore, the website is not a law or rule, nor is the definition stated therein a law or rule. Courts often take judicial notice of information displayed on government websites when neither party disputes the authenticity of the website or the accuracy of the information displayed. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (citing *In re Amgen Inc. Sec. Litig.*, 544 F.Supp.2d 1009, 1023-1024 (C.D. Cal 2008) and *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 2011, 2014 (N.D. Cal 2005)). However, Woody's has not supplied the Court with the "necessary information" to judicially notice the Energy Information Administration's website defines crude oil to include drip gas for any date before March 29, 2018. (Doc. 102-1). And because the Energy Information Administration's website definition of crude oil on March 29, 2018, is of questionable relevance to the time period alleged in the indictment, the Court declines the request for judicial notice. *See Tate v. University Medical Center of Southern Nevada*, 2016 WL 7045711 *7 (D. Nev. 2016) (declining to take judicial notice of irrelevant fact).

The government's reciprocal request for judicial notice of various Department of Transportation regulations is denied because, as the government

states in its brief, statutes and regulations are not appropriate for judicial notice. (Doc. 111 at 4 (citing *Lemieux v. CWALT, Inc. Alternative Loan Trust 2006-33CB*, 2016 WL 4059210 (D. Mont. 2016)).

### III. Conclusion and order

It is hereby ordered:

1. The motion to compel (Doc. 103) is denied in part and granted in part. The motion is denied with respect to production of the IAR and agent notes but granted as to limiting evidence to documents the defense has seen. Further, the government is ordered to provide the Court, for in camera review, a copy of the Presentence Report information within five days of the date of this order.

2. The motion to exclude (Doc. 105) is denied. The parties are ordered to include in their joint proposed jury instructions an instruction on dual role witnesses.

3. The motion for judicial notice (Doc. 102) is denied.

DATED this 27th day of April, 2018.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge