

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WOODY'S TRUCKING, LLC, and<br>DONALD E. WOOD, JR.,<br><br>Defendants. | CR 17-138-BLG-SPW<br><br>ORDER |

Before the Court is the Defendants' motion to quash a subpoena (Doc. 137) served on them by the government. The subpoena requests any original bills of lading within the Defendants' possession that relate to shipments of materials from or to Saddle Butte Pipeline and/or Custom Carbon Processing. (Doc. 138 at 2). The subpoena was served on May 7, 2018. (Doc. 138 at 3). Trial begins May 14, 2018. (Doc. 91). The indictment was filed November 16, 2017. (Doc. 1).

Courts may quash subpoenas when compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). To satisfy this standard, the subpoenaing party must show (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and

1

inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay trial; and (4) the application is made in good faith and is not intended as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699 (1974).

Here, the government fails to meet its burden on the second element. The subpoena was served May 7 and trial begins May 14. The indictment was filed almost six months ago. The investigation began long before that. With the exercise of due diligence, the government could and should have procured the materials reasonably in advance of trial. To require the Defendants to produce the materials near the eve of trial would be burdensome and oppressive. The motion to quash the subpoena is granted.

DATED this 11th day of May, 2018.

SUSAN P. WATTERS
United States District Judge